C. D. Michel – SBN 144258
Clinton B. Monfort – SBN 255609
Sean A. Brady – SBN 262007
Anna M. Barvir – SBN 268728
cmichel@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile:   (562) 216-4445
www.michellawyers.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MICHELLE FLANAGAN, SAMUEL GOLDEN, DOMINIC NARDONE, JACOB PERKIO, and THE CALIFORNIA RIFLE & PISTOL ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA ATTORNEY GENERAL KAMALA HARRIS, in her official capacity as Attorney General of the State of California, SHERIFF JAMES McDONNELL, in his official capacity as Sheriff of Los Angeles County, California, and DOES 1-10, <br><br> Defendants. | **CASE NO: 2:16-cv-6164** <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **42 U.S.C. §§ 1983, 1988** |

1

NOW COME Plaintiffs Michelle Flanagan, Samuel Golden, Dominic Nardone, Jacob Perkio, and the California Rifle & Pistol Association (collectively "Plaintiffs"), and allege against Defendants California Attorney General Kamala Harris and Los Angeles County Sheriff James McDonnell (collectively "Defendants"), as follows:

## INTRODUCTION

1.      Plaintiffs are residents of Los Angeles County who bring this action to vindicate their Second Amendment right to publicly bear arms for self-defense—a right that is now completely foreclosed by California's prohibition on the carriage of exposed firearms and Defendant McDonnell's state-sanctioned policy that denies law-abiding residents the license required under state law to carry a concealed firearm. Plaintiffs also seek relief under the Equal Protection Clause to prevent Defendants' ongoing unequal treatment concerning the exercise of Plaintiffs' Second Amendment rights.

2.      In 2008, the Supreme Court confirmed that the Second Amendment guarantees the individual right of responsible, law-abiding citizens to keep and bear arms for self-defense, *District of Columbia v. Heller*, 554 U.S. 570 (2008), which is fully applicable to state and local governments. *McDonald v. City of Chicago*, 561 U.S. 742 (2010). In *Heller*, the Supreme Court interpreted the phrase "bear arms" to mean "'to wear, bear, or carry . . . upon the person or in the clothing or in a pocket [i.e., openly or concealed] for the purpose of being armed and ready . . . in case of conflict with another person.'" *Heller*, 554 U.S. at 584 (quoting *Muscarello v. United States*, 524 U.S. 125, 143 (1998)). And in *McDonald*, the Court confirmed that "individual self-defense is 'the central component' of the Second Amendment right." *McDonald*, 561 U.S. at 744 (quoting *Heller*, 554 U.S. at 628). The Second Amendment thus guarantees to all law-abiding adults the right to carry arms in some manner for self-defense in case of confrontation, at least in non-sensitive, public places. *Heller*, 554 U.S. at 592, 626-27.

3.     California nonetheless bars ordinary, law-abiding citizens from carrying a firearm for self-defense, regardless of whether the firearm is loaded or unloaded and regardless of whether the firearm is carried in an exposed or concealed manner, in all but extremely limited, remote areas—unless the individual has a license to carry a firearm ("Carry License") issued by the local sheriff or chief of police under California Penal Code sections 26150 and 26155, respectively.

4.     In populous counties like Los Angeles, state law only authorizes the issuance of *concealed* Carry Licenses, thus completely barring residents of Los Angeles County from openly carrying a firearm for self-defense.

5.     California law affords sheriffs and police chiefs unfettered discretion to determine whether to issue a Carry License to law-abiding citizens seeking to exercise their fundamental rights to bear arms. Defendant McDonnell uses this authority to deny Carry Licenses to nearly all law-abiding adults by denying their applications or, in many cases, informing potential applicants that applying would be futile because they would not satisfy his restrictive "good cause" policy under section 26150.

6.     Defendant McDonnell's policy requires that an applicant provide "convincing evidence of a clear and present danger" against the applicant or a family member. Accordingly, the vast majority of the population cannot satisfy this discretionary standard, and therefore cannot obtain a license to publicly carry a firearm.

7.     The Ninth Circuit Court of Appeals recently upheld a similarly restrictive "good cause" policy enforced by the San Diego County Sheriff after the plaintiffs in that case alleged that the denial of Carry Licenses—the only remaining means of carrying a firearm for self-defense under state law—violated the Second Amendment. *Peruta v. County of San Diego*, No. 10-56971, 2016 WL 3194315 (9th Cir. June 9, 2016) (en banc).  Despite the Supreme Court's teachings in *Heller* and *McDonald*, the majority opinion in *Peruta* did not address whether the Second

3

1   Amendment protects the right to publicly carry a firearm for self-defense. Nor did it

2   address whether denying Carry Licenses, which in turn extinguishes the only lawful

3   means of carrying a firearm for self-defense, violates that right. Instead, it held only

4   that the carrying of *concealed* firearms was not historically protected by the Second

5   Amendment, while leaving for another day the question of whether the Second

6   Amendment protects the carrying of firearms *openly*.  *Id*. at *19. That day has

7   come.

8        8.    In light of that ruling, Plaintiffs ask this Court to hold those provisions

9   of California law that prohibit them from openly carrying firearms unconstitutional.

10   Plaintiffs nevertheless also challenge Defendants' restrictions that bar them from

11   obtaining concealed Carry Licenses.

12        9.    In sum, the Supreme Court has made clear that Plaintiffs' rights to bear

13   arms cannot be completely foreclosed. Because California law prohibits them from

14   openly carrying firearms and Defendant McDonnell denies them the only lawful

15   means of carrying a concealed firearm, Plaintiffs are completely barred from

16   exercising their right to bear arms—in *any* manner. They are thus entitled to relief

17   from the complete abrogation of their fundamental rights.

18       10.    Accordingly, Plaintiffs seek declaratory relief confirming that (1) the

19   Second Amendment protects the right to carry a firearm for self-defense in public

20   and (2) Defendants' total denial of the exercise of that right violates the Second

21   Amendment.

22       11.    Plaintiffs also seek a declaration that California laws prohibiting the

23   open carriage of firearms violate the Second Amendment, or, alternatively, that

24   Defendants' laws and policies that preclude law-abiding citizens from carrying a

25   concealed firearm for self-defense are unconstitutional.

26       12.    Finally, Plaintiffs seek preliminary and permanent injunctive relief

27   enjoining Defendant Harris from enforcing California's open carry restrictions or,

28   alternatively, enjoining enforcement of Defendants' laws and policies that deny

1  concealed Carry Licenses to law-abiding citizens who wish to exercise their

2  fundamental right to bear arms for self-defense.

3  **PARTIES**

4  **Plaintiffs**

5  13.  All individual Plaintiffs are natural persons and citizens of the United

6  States.

7  14.  All individual Plaintiffs are eligible to possess firearms under state and

8  federal law and currently own a handgun.

9  15.  Plaintiff Michelle Flanagan is a resident of Los Angeles County where

10  she is employed as a realtor. Ms. Flanagan has two licenses to carry a firearm

11  issued by the states of Arizona and Utah. These licenses authorize her to carry a

12  firearm in thirty-five states, but not in California. Before moving to Los Angeles

13  County, Ms. Flanagan maintained a Carry License for four years pursuant to

14  California Penal Code section 26150 that was issued by the Kern County Sheriff.

15  16.  After moving to Los Angeles County, Ms. Flanagan applied with

16  Defendant McDonnell for a Carry License on or about July 30, 2015. She asserted

17  self-defense as her "good cause" for the license because her job duties require her

18  to enter vacant industrial buildings alone, where she encounters vagrant men who

19  are often much larger than her. Defendant McDonnell nevertheless denied Ms.

20  Flanagan's application for lack of "good cause," explaining:

21  
22  
23  
24  
25  
26  
27  

> Typically, the verbiage 'convincing evidence of a clear and present danger …' refers to a current situation which involves a specific person(s) who has threatened an individual and who has displayed a pattern of behavior which would suggest that the threat(s) could be carried out. Situations which would suggest only a potential danger to one's safety, (e.g. carrying large amounts of money to the bank, profession/job, working late hours in a high crime rate area, etc.) are not consistent with the criteria for issuance of a concealed weapon license.

28  

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEVE

17.     Plaintiff Samuel ("Thomas") Golden is a resident of Los Angeles County who is a Certified Carry License Instructor for California, Utah, and Florida. He is also one of the trainers qualified to teach the Carry License training course to individuals applying for a Carry License with the Los Angeles County Sheriff. He has trained at least 10,000 shooters at almost every level.  Mr. Golden applied with Defendant McDonnell for a Carry License in Los Angeles County, asserting as his "good cause" a desire to carry a firearm for self-defense. Defendant McDonnell denied Mr. Golden's application for lack of "good cause" because, according to the Defendant, Mr. Golden did not face a significant enough threat to warrant a Carry License.

18.     Plaintiff Dominic Nardone is a 69-year-old resident of Los Angeles County. He is a Vietnam veteran who served in the U.S. Navy as a diver and a shooting instructor in small arms. Mr. Nardone applied with Defendant McDonnell for a Carry License in Los Angeles County on March 28, 2014, asserting as his "good cause" a desire to defend himself and his family. On May 14, 2015, Defendant McDonnell denied the application for lack of "good cause" because, according to the Defendant, Mr. Nardone did not face a significant enough threat to warrant a Carry License. Mr. Nardone has repeatedly requested reconsideration of his denial, but to no avail.

19.     Plaintiff Jacob Perkio is a resident of Los Angeles County who applied with Defendant McDonnell for a Carry License. Mr. Perkio asserted as his "good cause" a desire to carry a firearm for self-defense while hiking and camping with his wife in remote areas. Defendant McDonnell denied the application for lack of "good cause" with an explanation for the denial that was identical to the justification provided to Plaintiff Flanagan.

20.     Plaintiff California Rifle & Pistol Association ("CRPA") is a non-profit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(4) with its headquarters in Fullerton, California. Founded in

6

1875, the CRPA seeks to defend the civil rights of all law-abiding individuals,
including the fundamental right to "bear" or "carry" firearms for the core lawful
purpose of self-defense.

21.     The CRPA regularly participates as a party or amicus in litigation
challenging unlawful restrictions on the right to keep and bear arms. It also
provides guidance to California gun owners regarding their legal rights and
responsibilities. In addition, CRPA is dedicated to promoting the shooting sports
and providing education, training, and organized competition for adult and junior
shooters. CRPA members include law enforcement officers, prosecutors,
professionals, firearm experts, and the general public.

22.     Many CRPA members who reside in Los Angeles County wish to
obtain a Carry License, but refrain from applying and wasting their time and
financial resources given that such application would be futile in light of
Defendant McDonnell's official "good cause" policy.  Other CRPA members,
including Plaintiffs Flanagan, Golden, Nardone, and Perkio have nevertheless
applied and been denied.

23.     The individual Plaintiffs and members of Plaintiff CRPA wish
immediately to exercise their constitutional right to carry a firearm in public for
self-defense, but they are precluded from doing so because they are unable to
obtain a Carry License, which would allow them to carry a firearm in a concealed
manner, and because California law prohibits them from carrying a firearm openly.
But for Defendants' enforcement of statutes and policies that prohibit the
individual Plaintiffs and members of Plaintiff CRPA from lawfully carrying a
firearm in public, they would immediately begin carrying a firearm in public for
self-defense.

**Defendants**

24.     Defendant Kamala Harris is the Attorney General of California. She is
the chief law enforcement officer of California. Defendant Harris is charged by

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEVE

Article V, Section 13 of the California Constitution with the duty to enforce the laws of the State of California; to inform the general public, to supervise and instruct local prosecutors and law enforcement agencies regarding the meaning of the laws of the State, including restrictions on the carrying of firearms in public; and to ensure the fair, uniform, and consistent enforcement of those laws throughout the State. She is sued in her official capacity.

25.  Defendant James McDonnell is the elected Sheriff of Los Angeles County, California. As such, he is responsible for formulating, executing, and administering the laws, customs, and practices that prohibit Plaintiffs from lawfully carrying a firearm for self-defense. He is, in fact, presently enforcing the challenged laws, customs, and practices against Plaintiffs (and, in the case of the CRPA, those whose interests it represents). Defendant McDonnell is sued in his official capacity.

26.  Based on information and belief, Plaintiffs allege that Does 1 through 10 are responsible for establishing, enforcing, or administering California's laws or Defendant McDonnell's policy for issuing Carry Licenses or are otherwise responsible for denying Plaintiffs' right to bear arms. Plaintiffs will seek leave to amend this Complaint when the true names and identities of Does 1 through 10 are ascertained.

**JURISDICTION AND VENUE**

27.  Jurisdiction of this action is founded on 28 U.S.C. § 1331. This action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the State of California and political subdivisions thereof, of rights, privileges, or immunities secured by the United States Constitution and by Acts of Congress.

28.  Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202.

29.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## GENERAL ALLEGATIONS

### [Right to Keep and Bear Arms]

30.     The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed." U.S. Const amend. II.

31.     The Supreme Court has held that the Second Amendment right to keep and bear arms is a fundamental, individual right that includes at its core the right of law-abiding, competent adults to "possess and carry weapons in case of confrontation." *Heller*, 554 U.S. at 592.

32.     The Supreme Court has also held that the Second Amendment right to keep and bear arms, by way of its incorporation into the Fourteenth Amendment, applies equally to prohibit infringement of that right by state and local governments. *McDonald*, 561 U.S. at 750.

33.     The Supreme Court has declared the handgun as the "quintessential self-defense weapon." *Heller*, 554 U.S. at 629.

34.     The Supreme Court has further instructed that the natural meaning of the right to "bear" arms means "to wear, bear, or carry, . . . upon the person or in the clothing or in a pocket, for the purpose of being armed and ready for offensive or defensive action in a case of conflict with another person." *Heller*, 554 U.S. at 584 (quoting *Muscarello,* 524 U.S. at 143).

35.     Additionally, the Supreme Court has made clear that: "Self-defense is a basic right, recognized by many legal systems from ancient times to the present day, and in *Heller*, we held that individual self-defense is 'the central component' of the Second Amendment right." *McDonald*, 561 U.S. at 767 (quoting *Heller*, 554 U.S. at 628).

36.     The Second Amendment thus guarantees the right to publicly carry arms for self-defense purposes in case of confrontation, at least in non-sensitive public places, to all law-abiding, competent adults. *Heller*, 554 U.S. at 592, 626-27.

### [California's Firearm Carry Scheme]

37.     With very limited exceptions, California bars residents from carrying firearms on their person or within a vehicle in all public places other than remote locations where the discharge of firearms is not prohibited. It does so regardless of whether the firearm is loaded or unloaded and regardless of whether it is carried concealed or openly, unless it is carried pursuant to a Carry License.

### Loaded Firearm Restriction

38.     California law generally prohibits carrying "a loaded firearm on the person or in a vehicle while in any public place[1] or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory." Cal. Penal Code § 25850. A "prohibited area" is "any place where it is unlawful to discharge a weapon." *Id*. § 17030.

39.     Thus, California prohibits the carriage of loaded firearms in public for self-defense, except in unincorporated territory where discharging a firearm is lawful.

40.     Although California law authorizes the carriage of loaded firearms in certain limited circumstances and by specific classes of individuals like peace officers, these exceptions do not allow ordinary, law-abiding citizens to carry operable, loaded firearms for self-defense in public during the course of their daily lives without a valid Carry License. *See id*. §§ 26000-26055.

---

[1] California's carry laws do not define the term "public place." Whether a location is deemed a public place depends on the specific facts of each case and appropriately turns on whether the public can lawfully enter the area with little difficulty. *See, e.g., People v. Cruz*, 44 Cal. 4th 636, 674 (2008).

**Concealed Firearm Restriction**

41.    California law also prohibits the carrying of concealed firearms (even if the firearm is unloaded) in any place outside one's residence, place of business, or other private property. *Id.* §§ 25400, 25605.

42.    California's exceptions to its concealed carry restrictions authorize the carriage of concealed firearms in certain limited circumstances and by specific classes of individuals like peace officers. Many of the exceptions to California's concealed carry restrictions authorize individuals to lawfully transport their unloaded firearms in a locked container to and from specified locations like shooting ranges, firearm retail stores, gunsmiths, and shooting events. *Id.* §§ 25505-25645.

43.    The exceptions to California's concealed carry restrictions do not authorize ordinary, law-abiding citizens to carry concealed firearms in public for self-defense during the course of their daily lives without a valid Carry License.

**Unloaded Open Carry Restrictions**

44.    California law generally prohibits the carriage of unloaded, exposed handguns in any public place, except in unincorporated areas where the discharge of firearms is allowed. *Id.* § 26350.

45.    Although California authorizes the open carrying of unloaded handguns in certain limited circumstances and/or by specific classes of individuals, these exceptions do not authorize ordinary, law-abiding citizens to carry a firearm in public for self-defense during the course of their daily lives without a valid Carry License. *Id.* §§ 26361 – 26391.

46.    California law also generally prohibits the carrying of unloaded long guns (i.e., rifles and shotguns) while outside of a vehicle in an incorporated city or city and county, unless the firearm is in a locked container or completely enclosed in a case that is expressly made for the purpose of containing a firearm. *Id.* §§ 16505, 26400, 26400(c).

47.    With slight variations, the same narrow exceptions to California's restrictions on openly carrying unloaded handguns in public apply to California's restrictions on the carrying of unloaded long guns. *Id.* § 26405.

**Penalties**

48.    Carrying a firearm in public without a Carry License or without meeting one of the other limited exceptions to California's carry restrictions is punishable as either a misdemeanor or a felony. *Id.* §§ 25400, 25850, 26350, 26400.

**Carry Licenses**

49.    California authorizes city police chiefs and county sheriffs ("Issuing Authorities") to issue Carry Licenses to their residents, allowing those residents who qualify to carry a loaded handgun in public, subject to restrictions.

50.    To qualify for a Carry License, a resident must submit a written application to the respective Issuing Authority showing that the resident meets certain statutorily required criteria. *Id.* §§ 26150-26155.

51.    Before a Carry License can be issued, the Issuing Authority must agree that the applicant is of "good moral character" and has "good cause" for carrying a loaded firearm in public. *Id.* §§ 26150(a). The applicant must also pass a criminal background check, *id.* § 26185, and successfully complete a handgun training course covering handgun safety and California firearm laws, *id.* § 26165.

52.    Under California law, Issuing Authorities currently exercise "unfettered discretion" in deciding whether an applicant has "good cause" to be issued a Carry License.[2] Some Issuing Authorities, like Defendant McDonnell, deny Carry Licenses to virtually all law-abiding residents. Other Issuing Authorities issue Carry Licenses to law-abiding, competent adult applicants who seek a Carry

---

[2] *Erdelyi v. O'Brien*, 680 F.2d 61, 63 (9th Cir. 1982); *Nichols v. Cty. of Santa Clara*, 223 Cal. App. 3d 1236, 1241 (1990); *CBS, Inc. v. Block*, 42 Cal. 3d 646, 665-66 (1986).

License for self-defense, and who satisfy the additional requirements for the license.

53.     Issuing Authorities in counties with populations over 200,000, like Los Angeles County, can only issue licenses to carry a concealed firearm. California law prohibits them from issuing licenses to carry a loaded handgun in an exposed, open manner (e.g., in a visible hip holster). *Id*. §§ 26150(b)(2), 26155(b)(2). In counties where a license to carry openly is available, it is only valid within the county where it was issued. *Id*. § 26155(b)(2).

54.     A license to carry *concealed* is valid statewide unless the Issuing Authority expressly restricts the license to the county where it was issued. *Id*. § 26200.

55.     Because California law generally prohibits the carrying of firearms in most public places, whether loaded or unloaded, and whether in a concealed or exposed manner, a Carry License is effectively the only means by which individuals may lawfully carry a firearm for self-defense in public during the course of their daily lives.

### [Defendant McDonnell's Carry License Issuance Policy]

56.     According to his official written policy and the denials of Plaintiffs' applications for Carry Licenses, Defendant McDonnell refuses to issue Carry Licenses where an applicant asserts a general desire for self-defense as his or her "good cause," even if the applicant is a law-abiding, competent Los Angeles County resident who satisfies all other statutory requirements for the license.

57.     To even *potentially* satisfy Defendant McDonnell's "good cause" standard, applicants must provide "convincing evidence of a clear and present danger to life, or of great bodily harm to the applicant, his spouse, or dependent child, which cannot be adequately dealt with by existing law enforcement resources, and which danger cannot be reasonably avoided by alternative measures,

and which danger would be significantly mitigated by the applicant's carrying of a concealed firearm."[3]

### [Abrogation of Plaintiffs' Right to Bear Arms]

58.     Plaintiffs do not meet any of the narrow exceptions to California's carry restrictions that would allow them to generally carry a firearm in public for self-defense during the course of their daily lives.

59.     As described above, individual Plaintiffs Flanagan, Golden, Nardone, and Perkio applied with Defendant McDonnell for Carry Licenses, asserting self-defense as their "good cause" for their respective licenses.

60.     Defendant McDonnell denied each of these Plaintiffs' applications for lack of "good cause."

61.     Defendant McDonnell did not find that any of these Plaintiffs failed to satisfy any other statutory criteria in California Penal Code section 26150.

62.     Members of Plaintiff CRPA have also been denied Carry Licenses by Defendant McDonnell because he concluded that they lacked "good cause." Their lack of "good cause" (as defined by Defendant McDonnell) was the sole basis for these denials.

63.     Other members of Plaintiff CRPA have refrained from applying for Carry Licenses because they know that applying will be futile based on Defendant McDonnell's official written "good cause" policy, which they cannot satisfy, and in light of the Defendant's commonly known practice of enforcing his "good cause" policy in a manner that denies all applicants other than those with evidence of the most specific and serious threats against them.

---

[3] *Concealed Weapon Licensing Policy*, Los Angeles County Sheriff's Department, *available at* http://shq.lasdnews.net/content/uoa/SHQ/ConcealedWeaponLicensePolicy.pdf (last visited August 2, 2016).

64.     Although the individual Plaintiffs and members of Plaintiff CRPA do not face specific threats that differentiate them from the typical, law-abiding citizen, many events have confirmed that their desire to carry a firearm for self-defense is well-founded. For example, Plaintiff Golden was confronted outside of a shooting range where he works and trains by youth who were discussing how easy it would be to take his firearms from him. And as a realtor, Plaintiff Flanagan must often enter vacant buildings alone to show properties and perform inspections, where she frequently meets individuals for the first time. Additionally, violent crime in Los Angeles County has increased steadily over the past few years, thus increasing the likelihood that individuals may have to defend themselves against a criminal attacker.[4] Regardless, Plaintiffs are law-abiding citizens that cannot be denied the exercise of their fundamental right to bear arms for the core lawful purpose of self-defense at the whim of Defendants.

65.     Defendants have foreclosed the ability of the individual Plaintiffs and members of Plaintiff CRPA to carry a firearm in public for self-defense.

66.     But for California's comprehensive restrictions on the public carriage of firearms and Plaintiffs' inability to obtain a Carry License, the individual Plaintiffs and members of Plaintiff CRPA would lawfully carry a firearm in non-sensitive, public places for self-defense. They refrain from doing so for fear of liabilities for violating one or more of California's laws that criminalize the exercise of this constitutional right.

---

[4] *Patrol Station Part 1 Crime Summary - Preliminary Data*, Los Angeles County Sheriff's Department, http://shq.lasdnews.net/content/uoa/SHB/upload/119_page_PDF_crime_stats.pdf (June 5, 2016) (showing increases in criminal homicide (+22.73%), robbery (11.85%), and aggravated assault (+4.27%) from 2015 to 2016, and a 73.44% increase in forcible rape from 2011 to 2016).

## DECLARATORY RELIEF ALLEGATIONS

67.     There is an actual and present controversy between the parties. Plaintiffs contend that California's comprehensive carry regime, in conjunction with Defendant McDonnell's restrictive policy for implementing California Penal Code section 26150(a)(2)'s "good cause" criterion for the issuance of Carry Licenses, are unconstitutional both facially and as applied to Plaintiffs because California law and Defendant McDonnell's policy preclude Plaintiffs and other law-abiding individuals from exercising their fundamental right to carry a firearm in public for self-defense in any manner. Defendants deny and dispute this. Plaintiffs desire a judicial declaration of their rights and of the duties of Defendants Harris and McDonnell in this matter.

## INJUNCTIVE RELIEF ALLEGATIONS

68.     Injunctive relief is necessary to prevent Defendant Harris from enforcing California's carry restrictions and to prevent Defendant McDonnell from enforcing his restrictive "good cause" policy. Together, those legal mandates prohibit Plaintiffs from carrying a firearm in public for self-defense in any manner. If an injunction does not issue, Plaintiffs will continue to be irreparably injured by Defendants' carry restrictions insofar as they preclude Plaintiffs from exercising rights guaranteed by the Second Amendment. Defendants' enforcement of these statutes and policies denies Plaintiffs the right to publicly carry a firearm for self-defense without subjecting themselves to risk of criminal prosecution.

69.     If not enjoined by this Court, Defendants will continue to enforce these statutes and policies in derogation of Plaintiffs' Second Amendment rights. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable, and would not fully redress any harm suffered by Plaintiffs as a result of being unable to engage in activity protected by the Second Amendment.

70.     The injunctive relief sought would eliminate that irreparable harm and allow Plaintiffs to exercise their core, fundamental right to carry a firearm for self-defense. Accordingly, injunctive relief is appropriate.

**FIRST CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**
**U.S. CONST. AMEND. II, XIV**
**RIGHT TO BEAR ARMS**
**42 U.S.C. § 1983**
**AGAINST ALL DEFENDANTS**

71.     Plaintiffs hereby re-allege and incorporate by reference the allegations in the foregoing paragraphs as if set forth fully herein.

72.     California statutes prohibiting law-abiding citizens, including Plaintiffs, from publicly carrying an exposed firearm for self-defense violate the Second Amendment.

73.     California statutes and Defendant McDonnell's "good cause" policy that prohibit law-abiding citizens, including Plaintiffs, from publicly carrying a concealed firearm for self-defense violate the Second Amendment.

74.     Subject to very limited exceptions, California law prohibits the carriage of handguns, or any other firearms, in public for self-defense in any manner, without a Carry License.

75.     Plaintiffs do not qualify for any of the exceptions to California's carry restrictions, and are thus prohibited from carrying a firearm for self-defense in any manner without a Carry License.

76.     Plaintiffs are unable to satisfy Defendant McDonnell's official written "good cause" policy under California Penal Code section 26150(a)(2) for the issuance of Carry Licenses, which does not recognize the core constitutional right of self-defense as a sufficient basis to carry a firearm in public.

77.     California statutes prohibiting the carriage of firearms for self-defense without a Carry License, together with Defendant McDonnell's policy that denies Carry Licenses to law-abiding citizens seeking to exercise their right to bear arms

for self-defense, wholly foreclose Plaintiffs' ability to carry a firearm in public for self-defense, whether openly or concealed.

78.　As such, Defendants are propagating customs, policies, and practices that deprive Los Angeles County residents, including Plaintiffs, of their constitutional right to carry a firearm for self-defense "in case of confrontation" in non-sensitive public places as guaranteed by the Second and Fourteenth Amendments.

79.　Neither Defendant Harris nor Defendant McDonnell can satisfy their burden to justify these customs, policies, and practices that preclude Plaintiffs from exercising their fundamental rights.

80.　Plaintiffs are entitled to declaratory and injunctive relief against such unconstitutional customs, policies, and practices.

## SECOND CLAIM FOR RELIEF
## FOURTEENTH AMENDMENT - EQUAL PROTECTION
## 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

81.　Plaintiffs hereby re-allege and incorporate by reference the allegations in the foregoing paragraphs as if set forth fully herein.

82.　The Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

83.　The government bears the burden of justifying restrictions on the exercise of fundamental rights by a particular class or classes of individuals.

84.　All law-abiding, competent adults are similarly situated in that they are equally entitled to exercise the constitutional right to bear arms—without having to first demonstrate special circumstances or needs to do so—whether pursuant to a Carry License or otherwise.

85.　Because California's comprehensive carry restrictions, together with Defendant McDonnell's official written policy that does not recognize self-defense

18

as "good cause" for the issuance of Carry Licenses, bar law-abiding Los Angeles County residents from publicly carrying a firearm for self-defense in any manner, while allowing other law-abiding citizens to carry a firearm for self-defense, Defendants have created a classification of persons, including Plaintiffs, who are treated unequally through the denial of their Second Amendment rights to publicly bear arms for self-defense.

86.     Defendants cannot satisfy their burden under heightened scrutiny to justify this classification that unequally deprives Plaintiffs of their right to bear arms. Therefore, Defendants are propagating customs, policies, and practices that deprive Los Angeles County residents, including Plaintiffs, of their right to equal protection under the law as guaranteed by the Fourteenth Amendment.

87.     Plaintiffs are entitled to declaratory and preliminary and permanent injunctive relief against such unconstitutional customs, policies, and practices as set forth in the Prayer.

## PRAYER

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

1.     A declaration that the Second Amendment guarantees the right of responsible, law-abiding citizens to carry a firearm in public for self-defense.

2.     A declaration that denying all manners of publicly carrying a firearm for self-defense to law-abiding citizens violates the Second Amendment.

3.     A declaration that California Penal Code sections 25850, 26350, 26400, and 26150(b)(2) are unconstitutional facially and as applied to Plaintiffs insomuch as they preclude law-abiding citizens from openly carrying a firearm in public for self-defense.

4.      A declaration that state laws prohibiting the open carriage of firearms by law-abiding citizens for self-defense are unconstitutional facially and as applied to Plaintiffs.

5.     An order preliminarily and permanently enjoining the Attorney General of California and all officers, agents, servants, employees, and persons under the authority of the Attorney General of California, from enforcing California Penal Code sections 25850, 26350, 26400, and 26150(b)(2).

6.     An order preliminarily and permanently enjoining the Attorney General and all officers, agents, servants, employees, and persons under the authority of the Attorney General of California from enforcing any other laws that deny Plaintiffs and other law-abiding citizens the ability to openly carry a firearm in public for self-defense.

**As an alternative to the relief in paragraphs 3-6 of this Prayer, Plaintiffs seek:**

7.     A declaration that California Penal Code section 26150(a)(2)'s "good cause" criterion is unconstitutional facially and as applied to Plaintiffs and law-abiding citizens who seek a Carry License to exercise their constitutional right to carry a firearm for self-defense.

8.     A declaration that Defendant McDonnell's "good cause" policy under section 26150(a)(2), which rejects a general desire for self-defense as sufficient good cause for the issuance of a Carry License, is unconstitutional facially and as applied to Plaintiffs under the Second Amendment.

9.     A declaration that section 26150(a)(2)'s "good cause" criterion and Defendant McDonnell's implementation thereof are unconstitutional facially and as applied to Plaintiffs under the Equal Protection Clause—because they create a class of individuals who are improperly denied their right to bear arms, simply because they do not have "good cause" for a Carry License as determined by Defendant McDonnell, while the rights of similarly situated residents are not so infringed.

10.     An order preliminarily and permanently enjoining:

a.     The Attorney General of California and Defendant McDonnell, and their officers, agents, servants, employees, and all persons in

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEVE

active concert or participation with them, from enforcing California Penal Code section 26150(a)(2)'s "good cause" criterion; and

b. Defendant McDonnell and his officers, agents, servants, employees, and all persons in active concert or participation with him, from enforcing his current policy implementing California Penal Code section 26150(a)(2)'s "good cause" criterion, to the extent it does not recognize a general desire for self-defense as satisfying that criterion.

11. Costs of suit, including attorney's fees and costs pursuant to 42 U.S.C. § 1988.

12. Any further or alternative relief as the Court deems just and proper.

Respectfully Submitted,

Dated: August 17, 2016                    **MICHEL & ASSOCIATES, P.C.**


                                          /S/ C.D. Michel
                                          C.D. Michel
                                          Counsel for Plaintiffs
                                          e-mail: cmichel@michellawyers.com

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEVE