1   MARY C. WICKHAM, County Counsel
    JENNIFER A.D. LEHMAN, Assistant County Counsel
2   ALEXANDRA B. ZUIDERWEG, Deputy County Counsel
    (SBN 270177) • *azuiderweg@counsel.lacounty.gov*
3   LANA CHOI, Senior Associate County Counsel
    (SBN 301335) • *lchoi@counsel.lacounty.gov*
4   648 Kenneth Hahn Hall of Administration
    500 West Temple Street
5   Los Angeles, California 90012-2713
    Telephone: (213) 974-0811 · Fax: (213) 626-2105
6

7   Attorneys for Defendant Sheriff James McDonnell

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  | | |
    |---|---|
    | MICHELLE FLANAGAN, SAMUEL GOLDEN, DOMINIC NARDONE, JACOB PERKIO, and THE CALIFORNIA RIFLE & PISTOL ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> CALIFORNIA ATTORNEY GENERAL KAMALA HARRIS, in her official capacity as Attorney General of the State of California, SHERIFF JAMES McDONNELL, in his official capacity as Sheriff of Los Angeles County, California AND DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | CASE NO. CV 16-06164-JAK-AS <br><br> **Honorable John A. Kronstadt** <br><br> **DEFENDANT SHERIFF JAMES MCDONNELL'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO F.R.C.P. RULE 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> *[[Proposed] Order filed concurrently herewith]* <br><br> Hearing Date: <br> Date:      February 13, 2017 <br> Time:      8:30 a.m. <br> Ctrm:      750 <br><br> Complaint Filed: August 17, 2016 |

12
13
14
15
16
17
18
19
20
21
22
23

24          TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR

25   ATTORNEYS OF RECORD:

26          PLEASE TAKE NOTICE that on February 13, 2017 at 8:30 a.m., or as soon

27   thereafter as the matter may be heard in Courtroom 750, United States District

28   Court, located at 255 E. Temple Street, Los Angeles, California 90012, Defendant

HOA.101228990.1                                      CASE NO. CV 16-06164-JAK-AS

1  Sheriff James McDonnell ("Defendant") will and hereby does move the Court to

2  dismiss Plaintiffs Michelle Flanagan, Samuel Golden, Dominic Nardone, Jacob

3  Perkio, and the California Rifle and Pistol Association's (collectively, "Plaintiffs")

4  Complaint against them pursuant to Fed. R. Civ. P. Rule 12(b)(6) on the following

5  grounds:

6       1. Plaintiffs' first claim for relief alleging violations of the Second

7          Amendment pursuant to 42 U.S.C. § 1983 fail as a matter of law in

8          light of the Ninth Circuit's decision in *Peruta v. County of San Diego,*

9          824 F.3d 919 (9th Cir. 2016);

10      2. Plaintiffs' second claim for relief fails as a matter of law because

11         Plaintiffs improperly attempt to bring a Second Amendment claim

12         under the Equal Protection Clause of the Fourteenth Amendment and,

13         even if Plaintiffs could allege such a claim under the Equal Protection

14         Clause, they have failed to allege such a claim here.

15      This Motion will be based upon this Notice, the attached Memorandum of

16  Points and Authorities, Plaintiffs' Complaint, the pleadings on file herein, and upon

17  such further evidence may be presented at or before the hearing on this Motion.

18  ///

19  ///

20  ///

21

22

23

24

25

26

27

28

1      This Motion is made following the conference of counsel pursuant to Local

2  Rule 7-3, which took place on October 5, 2016.

3

4  DATED: October 14, 2016         Respectfully submitted,

5                               MARY C. WICKHAM

6                               County Counsel

7                               By    */s/ Alexandra B. Zuiderweg*

8                                   _____

9                               Alexandra B. Zuiderweg
                                    Deputy County Counsel

10                            Attorneys for Defendant Sheriff James
                            McDonnell

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................1

LEGAL AND FACTUAL BACKGROUND ........................................................1

I.   California Law and the Los Angeles County Sheriff's Department's Concealed Weapons Permit Policy..............................................................1

II.  Plaintiffs' Allegations .................................................................................2

STANDARD .........................................................................................................3

ARGUMENT ........................................................................................................3

I.   Plaintiffs' First Claim for Relief is Barred by the Ninth Circuit's Decision in *Peruta.* ...................................................................................3

II.  Plaintiffs' Equal Protection Claim Fails As a Matter of Law. ..................5

    A.   Plaintiffs' Attempt to Circumvent *Peruta* By Alleging an Equal Protection Claim Is Improper. ...........................................................5

    B.   Plaintiffs Fail to State An Equal Protection Claim Because There Is No Fundamental Right to Carry a Concealed Weapon.....................6

CONCLUSION .....................................................................................................7

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Balistreri v. Pacifica Police Dept.,*
    901 F.2d 696 (9th Cir. 1988) ..................................................................3

*City of Cleburne v. Clerburne Living Center,*
    473 U.S.432 (1985)..................................................................................6

*Lockary v. Kayfetz,*
    917 F.2d 1150 (9th Cir. 1990) ...............................................................6

*New Orleans v. Dukes,*
    427 U.S. 297 (1976) ................................................................................6

*Nichols v. Brown,*
    2013 WL 3368922 (C.D. Cal. 2013) ......................................................7

*Orin v. Barclay,*
    272 F.3d 1207 (9th Cir. 2001) ...............................................................6

*People v. Flores,*
    159 Cal.App.4th 568 (2008) ...................................................................7

*Peruta v. County of San Diego,*
    824 F.3d 919 (9th Cir. 2016) ....................................................... passim

*Teixeira v. County of Alameda,*
    822 F.3d 1047 (9th Cir. 2016) .......................................................1, 5, 6

*Western Mining Council v. Watt,*
    643 F.2d 618 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981) ..................3


**STATUTES**

California Penal Code §§ 26150, 26155 ........................................................1

Fed. R. Civ. P. Rule 12(b)(6) ........................................................................3

Internal Revenue Code Section 501(c)(4)......................................................2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## INTRODUCTION

3    Despite the fact that two recent Ninth Circuit decisions bar their claims,

4    Plaintiffs in this action allege that California's statutory scheme regulating the open

5    and concealed carry of firearms in public and Defendant's policy requiring good

6    cause for the issuance of a concealed carry permit violate their rights under the

7    Second Amendment and the Equal Protection Clause of the Fourteenth Amendment.

8    (Complaint, ¶¶ 8, 71-87.)

9    Plaintiffs' Complaint fails as a matter of law for several reasons.  First, the

10   Ninth Circuit's *en banc* decision in *Peruta v. County of San Diego,* 824 F.3d 919 (9th

11   Cir. 2016) explicitly holding that there is no Second Amendment right to concealed

12   carry bars Plaintiffs' first claim under the Second Amendment.  Second, Plaintiffs'

13   equal protection claim fails because the Ninth Circuit's decision in *Teixeira v.*

14   *County of Alameda,* 822 F.3d 1047 (9th Cir. 2016) established that a plaintiff cannot

15   allege a violation of the Equal Protection Clause based on a purported violation of

16   his or her Second Amendment rights.  Third and finally, even if Plaintiffs could

17   allege such an Equal Protection claim, Plaintiffs' Complaint fails to do so, as the

18   statutes regulating the open and concealed carry of firearms in public are rationally

19   related to the legitimate state interest in minimizing the threat to public safety

20   presented by the open and concealed carry of firearms in public.

21

## LEGAL AND FACTUAL BACKGROUND

22   I.   **California Law and the Los Angeles County Sheriff's Department's
     Concealed Weapons Permit Policy**

23

24   Consistent with California law, Defendant may issue concealed weapons

     permits upon a showing of "good cause" and "good moral character."  Penal Code

25
     §§ 26150(a), 26155(a).  Defendant has the authority to define "good cause" for

26
     obtaining a concealed weapons permit.  California Penal Code §§ 26150, 26155.  As

27
     Plaintiffs point out, Defendant defines good cause as "convincing evidence of a

28

1  clear and present danger to life, or of great bodily harm to the applicant, his spouse,

2  or dependent child, which cannot be adequately dealt with by existing law

3  enforcement resources, and which danger cannot be reasonably avoided by

4  alternative measures, and which danger would be significantly mitigated by the

5  applicant's carrying of a concealed firearm." (Complaint, ¶ 57.)

6  **II.      Plaintiffs' Allegations**

7         Plaintiffs are four individual residents of Los Angeles County and the

8  California Rifle & Pistol Association ("CPRA"), an entity organized under Section

9  501(c)(4) of the Internal Revenue Code.  The individual plaintiffs are members of

10 CPRA.  Defendants are the Attorney General of California and Los Angeles County

11 Sheriff James McDonnell.  (Complaint, ¶¶ 13-20, 45-25.)

12        The four individual plaintiffs all applied for and were denied concealed carry

13 permits by Defendant Sheriff McDonnell for lack of "good cause."  (Complaint, ¶¶

14 15-19.)  These plaintiffs allege that they "wish immediately to exercise their

15 constitutional right to carry a firearm in public for self-defense, but they are

16 precluded from doing so because they are unable to obtain a Carry License, which

17 would allow them to carry a firearm in a concealed manner, and because California

18 law prohibits them from carrying a firearm openly."  (Complaint, ¶¶ 15-19, 23.)

19 The Complaint further alleges that other members of Plaintiff CPRA have also been

20 denied Carry Licenses by Defendant Sheriff McDonnell or "have refrained from

21 applying for Carry Licenses because they know that applying will be futile based on

22 Defendant McDonnell's official written 'good cause' policy, which they cannot

23 satisfy, and in light of the Defendant's commonly known practice of enforcing his

24 'good cause' policy in a manner that denies all applicants other than those with

25 evidence of the most specific and serious threats against them."  (Complaint, ¶¶62-

26 63.)

27        With respect to the open carry of firearms, Plaintiffs allege that "Issuing

28 Authorities in counties with populations over 200,000, like Los Angeles County, can

HOA.101228990.1

CASE NO. CV 16-06164-JAK-AS

-2-

1  only issue licenses to carry a concealed firearm.  California law prohibits them from

2  issuing licenses to carry a loaded handgun in an exposed, open manner (e.g., in a

3  visible hip holster)."  (Complaint, ¶ 53.)  As such, Plaintiffs have not and cannot

4  allege that Defendant Sheriff McDonnell is in any way responsible for California

5  laws prohibiting open carry.

## STANDARD

7  Dismissal under 12(b)(6) is appropriate where there is no cognizable legal

8  theory or where there are insufficient facts alleged to support a cognizable legal

9  theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

10  While a court must accept all factual allegations pleaded in the Complaint as true,

11  the court need not accept as true unreasonable inferences or conclusory legal

12  allegations cast in the form of factual allegations.  *Western Mining Council v. Watt*,

13  643 F.2d 618, 624 (9th Cir. 1981), cert. denied, 454 U.S. 1031 (1981).

## ARGUMENT

15  I.  **Plaintiffs' First Claim for Relief is Barred by the Ninth Circuit's Decision in *Peruta*.**

16
17  The *Peruta* decision completely forecloses Plaintiffs' Second Amendment

claim against Defendant.  The *Peruta* court unequivocally held that a local law
18
enforcement agency's requirement that a concealed weapons permit applicant
19
demonstrate good cause does not violate the Second Amendment.  The facts of
20
*Peruta* are nearly identical to the allegations in this case.  Plaintiff Edward Peruta, a
21
resident of San Diego County, and Plaintiff Adam Richards, a resident of Yolo
22
County, each applied for a license to carry a concealed firearm.  Both applications
23
were denied because Plaintiffs had not shown good cause as required under their
24
respective county's policy.  *Peruta,* 824 F.3d at 924.  Like the Los Angeles County
25
Sheriff's Department ("LASD"), both San Diego and Yolo County policies define
26
"good cause" as requiring a particularized reason why an applicant needs a
27
concealed firearm for self-defense.  *Id.*  And similarly, Plaintiffs' concealed weapons
28

HOA.101228990.1                                         CASE NO. CV 16-06164-JAK-AS

1  permit applications were denied because they failed to show good cause as defined

2  by LASD policy. (Complaint, ¶¶ 15-19.)

3        Here, as in *Peruta*, Plaintiffs' challenge is to Defendant's policies governing

4  concealed carry and the denial of their applications for concealed carry permits.

5  (Complaint, ¶¶ 56-57, 72-79.) As alleged in the Complaint, the LASD defines

6  "good cause" as "convincing evidence of a clear and present danger to life, or of

7  great bodily harm to the applicant, his spouse, or dependent child, which cannot be

8  adequately dealt with by existing law enforcement resources, and which danger

9  cannot be reasonably avoided by alternative measures, and which danger would be

10  significantly mitigated by the applicant's carrying of a concealed firearm."

11  (Complaint, ¶ 57.) The LASD's policy requiring that the applicant demonstrate

12  good cause is nearly identical to the good cause requirement upheld in *Peruta*.

13  Plaintiffs' Complaint concedes this fact, specifically acknowledging that *Peruta*

14  "upheld a similarly restrictive 'good cause' policy enforced by the San Diego County

15  Sheriff." (Complaint, ¶ 7.) Also, as in *Peruta,* Plaintiffs' concealed carry permit

16  applications were denied because they failed to show good cause as defined by

17  LASD policy. (Complaint, ¶¶ 15-19, 59-60.)

18        After reviewing the history relevant to the Second Amendment and its

19  application to the States and localities via the Fourteenth Amendment, the *Peruta* en

20  banc court held: "We therefore conclude that the Second Amendment right to keep

21  and bear arms does not include, in any degree, the right of a member of the general

22  public to carry concealed firearms in public. In so holding, we join several of our

23  sister circuits that have upheld the authority of states to prohibit entirely or to limit

24  substantially the carrying of concealed or concealable firearms." *Peruta*, 824 F.3d

25  at 939 (citing cases). The *Peruta* court further held "[b]ecause the Second

26  Amendment does not protect in any degree the right to carry concealed firearms in

27  public, any prohibition or restriction a state may choose to impose on concealed

28

HOA.101228990.1

CASE NO. CV 16-06164-JAK-AS

-4-

1 | carry – including a requirement of 'good cause,' however defined – is necessarily
2 | allowed by the Amendment." *Id.*
3 |       This holding "fully answered" the questions presented to the *Peruta* court,
4 | which are identical to those presented in this case. *Id.* at 939.  The Second
5 | Amendment does *not* convey an absolute right to carry concealed weapons in public
6 | places.  As such, a county's requirement that a CCW permit applicant show good
7 | cause for the issuance of that permit does *not* violate the Second Amendment.
8 | Plaintiffs cannot invoke the Second Amendment to protect a right to carry a
9 | concealed weapon, as that right "does not exist under the Amendment." *Id.* at 932.
10 | Accordingly, because *Peruta* is binding authority, Plaintiffs' first claim for relief
11 | should be dismissed with prejudice.

**II.**    **Plaintiffs' Equal Protection Claim Fails As a Matter of Law.**

    **A.**    **Plaintiffs' Attempt to Circumvent *Peruta* By Alleging an Equal Protection Claim Is Improper.**

Plaintiffs also allege that the LASD's good cause policy somehow violates the Equal Protection Clause because it purportedly does not recognize self-defense alone as good cause to obtain a CCW and thus "bar[s] law-abiding Los Angeles County residents from publicly carrying a firearm for self-defense in any manner, while allowing other law-abiding citizens to carry a firearm for self-defense." (Complaint, ¶ 85.)  Thus, according to Plaintiffs, "Defendants have created a classification of persons, including Plaintiffs, who are treated unequally through the denial of their Second Amendment rights to publicly bear arms for self-defense." (Complaint, ¶ 85.)  In *Teixeira v. County of Alameda*, 822 F.3d 1047, 1052 (9th Cir. 2016), however, the Ninth Circuit specifically rejected this argument, holding that claims emanating from the right to bear arms for self-defense must be analyzed under the Second Amendment and not the Equal Protection Clause.

In *Teixeira*, prospective gun store operators brought an action against Alameda County alleging that a county ordinance prohibiting a gun store from being

1 | located with 500 feet of any residential district, school, gun store, or establishment
2 | that sold liquor violated equal protection and the Second Amendment. *Id.* The
3 | plaintiffs alleged that there were no parcels of land that would qualify under the
4 | ordinance to operate a gun store, and as such, the county was infringing on citizens'
5 | right to keep and bear arms. *Id.* at 1064. The trial court dismissed the plaintiffs'
6 | equal protection claim. *Id.* The Ninth Circuit affirmed the dismissal, holding that
7 | the plaintiffs were merely dressing their Second Amendment claim in "equal
8 | protection clothing." *Id.* at 1052. As such, the Ninth Circuit held that the plaintiff's
9 | claim should be analyzed solely under the Second Amendment, not the Equal
10 | Protection Clause. *Id.* at 1052. Here, Plaintiffs' equal protection claim similarly
11 | fails as a matter of law, as it merely restates their Second Amendment claim of the
12 | right to bear arms for self-defense. (Complaint, ¶ 84-86.) *See Orin v. Barclay*, 272
13 | F.3d 1207, 1213 n.3 (9th Cir. 2001).

### B.   Plaintiffs Fail to State An Equal Protection Claim Because There Is No Fundamental Right to Carry a Concealed Weapon.

Even if this court found that Plaintiffs' equal protection claim could somehow co-exist with their Second Amendment claim, the equal protection claim fails nonetheless. As set forth above, the Ninth Circuit has already held that there is no fundamental right to carry a concealed weapon under the Second Amendment. *Peruta,* 824 F.3d at 939. When a government's action does not implicate a fundamental right, even intentional discrimination will survive constitutional scrutiny for an equal protection violation as long as it bears a rational relation to a legitimate state interest. *New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976); *City of Cleburne v. Clerburne Living Center*, 473 U.S.432, 439 (1985); *Lockary v. Kayfetz*, 917 F.2d 1150, 1155 (9th Cir. 1990). Defendant's good cause requirement for the issuance of concealed carry permits easily satisfy this rational basis test. *See Teixeira*, 822 F.3d at 1052.

1   Courts have found that the increased presence of firearms in public presents a

2   tremendous danger to public safety. *See Nichols v. Brown,* 2013 WL 3368922*5

3   (C.D. Cal. 2013) ("[T]he California Legislature could have rationally concluded that

4   the open carrying of firearms presents a danger to public safety in more densely

5   populated areas."); *People v. Flores,* 159 Cal.App.4th 568, 576 (2008) (explaining

6   that the statutory regime regulating the carrying of loaded firearms in public was

7   designed "to reduce the incidence of unlawful public shootings. . . .")  The LASD's

8   good cause policy is certainly rationally related to this legitimate state interest of

9   preserving public safety.  As such, even if Plaintiff could plead its Second

10  Amendment claims in "equal protection clothing," Plaintiff's equal protection claim

11  would fail as a matter of law.

12                                   **CONCLUSION**

13          Based on the foregoing, Defendant respectfully requests that the Court grant

14  the instant motion and dismiss Plaintiffs' claims with prejudice.

15

16  DATED: October 14, 2016                Respectfully submitted,

17                                         MARY C. WICKHAM

18                                         County Counsel

19                                         By    /s/ *Alexandra B. Zuiderweg*

20                                                _____

21                                                Alexandra B. Zuiderweg
                                                  Deputy County Counsel

22                                         Attorneys for Defendant Sheriff James
                                           McDonnell

23

24

25

26

27

28