UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06164 JAK (ASx) | Date | February 23, 2017 |
|---|---|---|---|
| Title | Michelle Flanagan, et al. v. Kamala Harris, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANT HARRIS' MOTION TO DISMISS FOR DECLARATORY AND INJUNCTIVE RELIEF (DKT. 24); DEFENDANT MCDONELL'S MOTION TO DISMISS (DKT. 27)**
**JS-6: Defendant James McDonnell Only**

**I.    Introduction**

Michelle Flanagan, Samuel Golden, Dominic Nardone, Jacob Perkio ("Individual Plaintiffs") and the California Rifle & Pistol Association ("CPRA") (collectively, "Plaintiffs") brought this action against then California Attorney General Kamala Harris, in her official capacity ("California"), and Los Angeles County Sherriff James McDonnell, in his official capacity ("LASD"). Dkt. 1. Plaintiffs challenge the California statutes regulating both the open and concealed carry of firearms in public, as well as the policy of the LASD as to the issuance of permits for the concealed carry of firearms. *Id.* The Complaint seeks declaratory and equitable relief under both the Second Amendment and the Equal Protection Clause of the Fourteenth Amendment of the Constitution. Dkt. 1.

On October 7, 2016, California brought a motion to dismiss the Complaint ("California Motion"). Dkt. 24. On October 14, 2016, the LASD brought a parallel motion ("LASD Motion"). Dkt. 27. Plaintiffs filed a consolidated opposition to both motions (Dkt. 31), to which California (Dkt. 33) and the LASD (Dkt. 34) replied.

On February 13, 2017, a hearing was held on these matters, and they were taken under submission. Dkt. 38. For the reasons stated in this Order, the California Motion is **GRANTED IN PART** and **DENIED IN PART**. The LASD Motion is **GRANTED**, and LASD is **DISMISSED** without prejudice.

**II.    Factual Background**

**A.    Plaintiffs**

The Individual Plaintiffs are residents of Los Angeles County and members of the CPRA, which is an entity organized under Section 501(c)(4) of the Internal Revenue Code. Dkt. 1 ¶¶ 13-20, 22. Each of the Individual Plaintiffs separately applied to the LASD for a concealed carry permit. Each application was denied by the LASD for lack of showing sufficient "good cause." *Id.* ¶ 15-19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV16-06164 JAK (ASx) | Date | February 23, 2017 |
| Title | Michelle Flanagan, et al. v. Kamala Harris, et al. | | |

The Complaint alleges that the Individual Plaintiffs

> wish immediately to exercise their constitutional right to carry a firearm in public for self-defense, but they are precluded from doing so because they are unable to obtain a Carry License, which would allow them to carry a firearm in a concealed manner, and because California law prohibits them from carrying a firearm openly.

*Id.* ¶ 23.

The Complaint also alleges that other members of the CPRA have been denied Carry Licenses by the LASD or

> have refrained from applying for Carry Licenses because they know that applying will be futile based on Defendant McDonnell's official written "good cause" policy, which they cannot satisfy, and in light of the Defendant's commonly known practice of enforcing his "good cause" policy in a manner that denies all applicants other than those with evidence of the most specific and serious threats against them.

*Id.* ¶ 63.

### B. Statutory Structure for the Open Carry of Firearms

California statutes substantially limit the carrying of firearms in public, but provide certain exceptions to those rules. In general, any loaded or unloaded firearm may not be carried in public within either an incorporated city or an unincorporated area in which discharging a firearm is prohibited. Cal. Penal Code §§ 17030, 25400, 25850, 26350, 26400.

The statutes provide exceptions that allow persons who work in certain occupations to carry loaded firearms in public. They apply to those who are peace officers, military personnel and private security officers. *Id.* §§ 25450, 25620, 25630, 25900, 26030, 26405. There are also exceptions for carrying firearms for certain specified purposes. These include: carrying a firearm in public for hunting where it is permitted; keeping a loaded firearm in a person's home or business; transporting unloaded handguns in the locked trunk of, or inside a locked container in a motor vehicle; and carrying a firearm in public when a person believes that any person or the property of any person is in immediate, grave danger, which can be addressed by the carrying of the weapon. *Id.* §§ 25605, 25610, 25640, 26035, 26045, 26389, 26405. None of the exceptions authorizes a person to carry a firearm in public, whether loaded or unloaded, unless the aforementioned statutory requirements are satisfied. *Id.* §§ 26361-26391.

### C. Limitations on the Carry of Concealed Weapons

California law also generally prohibits a person from carrying a concealed firearm in any place outside his or her residence, place of business, or other private property. *Id.* §§ 25400, 25605. A person who wishes to do so must apply for and obtain a Carry License. *Id.* § 26150. California authorizes the Sheriff of a County, or the Police Chief of a city, to issue Carry Licenses to their residents. *Id.* To qualify for a Carry

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06164 JAK (ASx) | Date | February 23, 2017 |
|---|---|---|---|
| Title | Michelle Flanagan, et al. v. Kamala Harris, et al. | | |

License, a resident must, among other requirements, establish "good cause" for the license as defined by the local sheriff or police chief. *Id.* § 26150(a). A Sheriff in a county whose population is greater than 200,000, which includes Los Angeles County, can only issue a Carry License for a concealed firearm and not for the open carry of one. *Id.* §§ 26150(b)(2), 26155(b)(2).

The Complaint alleges that, because California law generally prohibits the carrying of firearms in public in any manner, a Carry License is the only means by which individuals may carry a firearm in public for purposes of self-defense. Dkt. 1 ¶ 55.

### D. The Licensing Policy of the LASD

The Complaint alleges that the LASD will not issue a Carry License where the underlying application is based on a general need for self-defense. Thus, this claimed need is not deemed to be "'good cause,' even if the applicant is a law-abiding, competent Los Angeles County resident who satisfies all other statutory requirements for the license." Dkt. 1 ¶ 56. The Complaint alleges that the presence of this limitation is confirmed by both the official written policy of the LASD, and the denials of Plaintiffs' applications for a Carry License. *Id.* As the Complaint alleges:

> To even *potentially* satisfy Defendant McDonnell's "good cause" standard, applicants must provide "convincing evidence of a clear and present danger to life, or of great bodily harm to the applicant, his spouse, or dependent child, which cannot be adequately dealt with by existing law enforcement resources, and which danger cannot be reasonably avoided by alternative measures, and which danger would be insignificantly mitigated by the applicant's carrying of a concealed firearm."

*Id.* ¶ 57 (quoting *Concealed Weapon Licensing Policy*, Los Angeles County Sheriff's Department, http://shq.lasdnews.net/content/uoa/SHQ/ConcealedWeaponLicensePolicy.pdf).

The Complaint also alleges that Plaintiffs do not qualify for any of the exceptions within the statutory framework pursuant to which they would be allowed to carry a firearm in public for self-defense. *Id.* ¶ 58. It also alleges that the LASD uses "this authority to deny Carry Licenses to nearly all law-abiding adults by denying their applications or, in many cases, informing potential applicants that applying would be futile because they would not satisfy his restrictive 'good cause' policy under section 26150." *Id.* ¶ 5.

### III. Analysis

#### A. Legal Standard

Fed. R. Civ. P. 8(a) provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." The complaint must state facts sufficient to show that a claim for relief is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not include detailed factual allegations, but must provide more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06164 JAK (ASx) | Date | February 23, 2017 |
|---|---|---|---|
| Title | Michelle Flanagan, et al. v. Kamala Harris, et al. | | |

662, 678 (2009) (internal quotation marks and citations omitted).

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may bring a motion to dismiss a cause of action that fails to state a claim. It is appropriate to grant such a motion where the complaint lacks a cognizable legal theory or sufficient facts to support one. *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In considering a motion to dismiss, the allegations in the challenged complaint are deemed true and must be construed in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

 **B.** **Application**

  1. <u>Second Amendment Claims</u>

Plaintiffs contend that the California laws and procedures described above violate their rights under the Second Amendment. The basis for this claim is that under this statutory and licensing framework they are barred from carrying firearms in public on either an open or concealed basis. They argue that, in the context of California's prohibition of the open carry of firearms, the policies of the LASD regarding the issuance of a license for the carry of a concealed weapon is tantamount to complete ban on their right to bear arms in public for purposes of self-defense.

Defendants contend that *Peruta v. Cty of San Diego*, 824 F.3d 919, 942 (9th Cir. 2016) (en banc), rejected the Second Amendment challenge to California's limitations on the concealed carry of weapons. Consequently, they contend that, in the present action, Plaintiffs can only challenge California legislation and corresponding implementation as to the open carry of weapons, and that the remaining claims should be dismissed. LASD adds that because it only has jurisdiction to enforce the concealed carry of weapons, and is not responsible for the adoption or implementation of open carry laws, the Complaint does not present any viable claims against it. Therefore, it argues that it should be dismissed.

*Peruta* precludes Plaintiffs' Second Amendment claims based on California's concealed carry laws and their enforcement by the LASD. "As the uncontradicted historical evidence overwhelmingly shows, the Second Amendment does not protect, in any degree, the right of a member of the general public to carry a concealed weapon in public." *Peruta*, 824 F.3d at 942; *see also id.* at 939 ("We therefore conclude that the Second Amendment right to keep and bear arms does not include, in any degree, the right of a member of the general public to carry concealed firearms in public."). Similarly, Plaintiffs' challenge to the LASD regulations defining "good cause" and denying concealed carry licenses to Plaintiffs is also foreclosed by *Peruta*. *Id.* ("Because the Second Amendment does not protect in any degree the right to carry concealed firearms in public, any prohibition or restriction a state may choose to impose on concealed carry— including a requirement of 'good cause,' however defined—is necessarily allowed by the Amendment.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06164 JAK (ASx) | | Date | February 23, 2017 |
|---|---|---|---|---|
| Title | Michelle Flanagan, et al. v. Kamala Harris, et al. | | | |

Plaintiffs contend that their challenge here is not limited solely to Defendants' concealed carry or open carry limitations. Instead, they contend that they are challenging the combined effect of these restrictions. Thus, Plaintiffs seek a declaration as to their rights under the Second Amendment to carry a firearm outside the home in either an open or concealed manner. They also argue that if it is determined that they have some right to carry, the State must then determine whether to permit open or concealed carry. For these reasons, Plaintiffs argue that none of their claims is barred by *Peruta*.

California concedes that a challenge to the open carry laws, which assumes the factual effect of the ruling in *Peruta* as to concealed carry, is not foreclosed. It also concedes that, in response to a ruling on open carry, the State could decide to establish a broader exception to the current restrictions on the concealed carry of weapons. Therefore, California only seeks the dismissal of the claims based solely on concealed carry. The LASD argues that Plaintiffs' present argument about the need to bring a Second Amendment challenge to California's carry laws as a whole, was advanced by the dissent, and rejected by the majority, in *Peruta*. It argues that *Peruta* held that the right to carry concealed firearms is not protected by the Second Amendment. Therefore, that issue cannot be relitigated in the guise of a request for a remedy for a claimed violation through the restrictions on open carry. As noted, the LASD also argues that, although a challenge to the open carry laws is not foreclosed by *Peruta*, its responsibility is solely as to forming and implementing policies for concealed carry. Because claims as to such matters are barred by *Peruta*, LASD argues that it should be dismissed.

Plaintiffs' arguments as to the scope of *Peruta*, in the context of the present claims, are unpersuasive. *Peruta* considered and rejected the need to address open carry limitations in rejecting the challenge to those that applied to concealed carry restrictions. *Id.* at 941-42 ("The argument of the principal dissent is based on a logical fallacy. Even construing the Second Amendment as protecting the right of a member of the general public to carry a firearm in public (an issue we do not decide), and even assuming that California's restrictions on public open carry violate the Second Amendment so construed (an issue we also do not decide), it does not follow that California's restrictions on public concealed carry violate the Amendment."). Thus, "[i]f there is a Second Amendment right of a member of the general public to carry a firearm openly in public, and if that right is violated, the cure is to apply the Second Amendment to protect that right. The cure is not to apply the Second Amendment to protect a right that does not exist under the Amendment." *Id.*

As these excerpts confirm, *Peruta* did not decide whether California's open carry laws violate the Second Amendment. *See also Peruta*, 824 F.3d at 939 ("There may or may not be a Second Amendment right for a member of the general public to carry a firearm openly in public. The Supreme Court has not answered that question, and we do not answer it here."); *id.* at 942 ("The Second Amendment may or may not protect to some degree a right of a member of the general public to carry a firearm in public. If there is such a right, it is only a right to carry a firearm openly. But Plaintiffs do not challenge California's restrictions on open carry; they challenge only restrictions on concealed carry."). Accordingly, the Second Amendment challenge to California's open carry laws may be presented in this action. Whether there is such a violation can be measured in the context of the concealed carry restrictions that were upheld in *Peruta*. However, the legal issues it addressed cannot be revisited here.

Because the LASD creates policies only as to the concealed carry of weapons, and has no responsibility for the enactment of the restrictions on open carry, it is not a proper party to this action. Thus, if Plaintiffs prevail on their claim, there is no corresponding remedy that would be imposed on the LASD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06164 JAK (ASx) | Date | February 23, 2017 |
|---|---|---|---|
| Title | Michelle Flanagan, et al. v. Kamala Harris, et al. | | |

Consequently, the LASD Motion is **GRANTED**, and the claim against LASD based on the Second Amendment, is **DISMISSED**. The California Motion is **GRANTED** as to the challenge to the claims based on concealed carry, and **DENIED** as to the claims based on the open carry limitations.

       2.      Equal Protection Claims

Defendants argue that the Equal Protection claim should be dismissed because it is redundant in light of the claim under the Second Amendment. Defendants claim that the scope of available relief is defined exclusively by the Second Amendment. Defendants also argue that the Equal Protection claim should be dismissed because it fails on the merits. Plaintiffs respond that the Equal Protection claim is not redundant because it challenges policies that grant the right to carry weapons to some individuals, while denying it to others without a justifiable reason for this disparate treatment. Plaintiffs argue that because the right to bear arms is fundamental, the different treatment by California and the LASD must be analyzed under a heightened form of scrutiny, regardless of the outcome of their Second Amendment challenge.

The Equal Protection claim challenges two policies related to concealed carry and open carry: (i) the "good cause" requirement of the LASD as to the issuance of a concealed carry permit; and (ii) the absence of permitted open carry in Los Angeles County. The first challenge concerns "Defendants' restrictions [that] distinguish between individuals who can publicly carry a concealed firearm for self-defense, and those who cannot, based upon their demonstration of 'good cause' interpreted by Defendant McDonnell." Dkt. 31 at 16 (citing Dkt. 1 ¶¶ 56-57). The second challenge concerns the prohibition on issuing open carry licenses to those who reside in counties whose population exceeds 200,000, while authorizing the issuance to certain residents in counties with smaller populations. Dkt. 31 at 18 (citing Dkt. 1 ¶¶ 4, 53). "[E]qual protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class." *Wilson v. Lynch*, 835 F.3d 1083, 1098 (9th Cir. 2016) (quoting *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976) (per curiam) (footnote omitted)).

An Equal Protection claim brought under the Fourteenth Amendment that is the same as one brought simultaneously under a different constitutional provision cannot provide an independent basis for relief. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989))). Plaintiffs' claims arise from the Second Amendment, which is "an explicit textual source of constitutional protection." *Id.* Consequently, the Equal Protection claim fails because it is "subsumed by, and coextensive with" the Second Amendment and "therefore not cognizable under the Equal Protection Clause." *Orin v. Barclay*, 272 F.3d 1207, 1213 n.3 (9th Cir. 2001), *see also id.* ("Because Orin's Equal Protection claim appears to be no more than a First Amendment claim dressed in equal protection clothing, we heed the advice of an enlightened treatise: [']It is generally unnecessary to analyze laws which burden the exercise of First Amendment rights by a class of persons under the equal protection guarantee, because the substantive guarantees of the Amendment serve as the strongest protection against the limitation of these rights.['] John E. Nowak, Ronald D. Rotunda & J. Nelson Young, Handbook on Constitutional Law (1978). Accordingly, we treat Orin's equal protection claim as subsumed by, and co-extensive with, his First Amendment claim.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06164 JAK (ASx) | Date | February 23, 2017 |
|---|---|---|---|
| Title | Michelle Flanagan, et al. v. Kamala Harris, et al. | | |

Although Plaintiffs contend that their Equal Protection and Second Amendment claims are distinct, a review of the Complaint shows otherwise. Each claim seeks the same relief based on the same conduct. This is confirmed by the prayer for relief. It shows that the Equal Protection challenge is only an alternative to the Second Amendment claim without any unique elements. This issue was also addressed in *Peruta*. It held that the Equal Protection claims there were "derivative" of the Second Amendment claims and would "necessarily [be] resolve[d]" by the determination of those parallel claims. *Peruta* 824 F.3d at 942. As the Second Circuit concluded in a similar setting, "an Equal Protection claim that is based on the alleged burdening of one's Second Amendment rights should not be reviewed in isolation; whether one's Second Amendment rights are impermissibly 'burdened' is necessarily informed by the underlying Second Amendment analysis." *Kwong v. Bloomberg*, 723 F.3d 160, 170 n.19 (2d Cir. 2013); *see also id.* ("Like *every* Circuit to have addressed this issue, we simply conclude that plaintiffs should not be allowed to use the Equal Protection Clause 'to obtain review under a more stringent standard' than the standard applicable to their Second Amendment claim." (quoting *Woollard v. Gallagher*, 712 F.3d 865, 873 n.4 (4th Cir. 2013))).[1]

Further, if the "good cause" policy or open carry laws that are challenged through the Equal Protection claim are found to violate the Second Amendment, then the Equal Protection claim would be redundant. If it is instead determined that those laws do not violate the Second Amendment, the Equal Protection challenge would also fail. Thus, when a law survives a Second Amendment challenge and does not involve a suspect classification, "courts have applied 'rational basis' review to Equal Protection claims on the theory that the Second Amendment analysis sufficiently protects one's rights." *Kwong*, 723 F.3d at 170 n.19; *see also Wilson*, 835 F.3d at 1098 (applying rational basis scrutiny to equal protection challenge, after finding that challenged law survived Second Amendment intermediate scrutiny); *Nordyke v. King,* 681 F.3d 1041, 1043 n.2 (9th Cir. 2012) (en banc) ("As to the Nordykes' equal protection claim, because the ordinance does not classify shows or events on the basis of a suspect class, and because we hold that the ordinance does not violate either the First or Second Amendments, rational basis scrutiny applies."). The rational basis standard would necessarily be met here because the purpose of the restrictions would be deemed related to a legitimate governmental interest. *Honolulu Weekly, Inc. v. Harris*, 298 F.3d 1037, 1047 (9th Cir. 2002). For these reasons, the California Motion is **GRANTED** as to the Equal Protection claim, which is **DISMISSED**.

---

[1] *Woollard* affirmed the holding that an Equal Protection challenge was duplicative of the Second Amendment challenge:

> The [district] court further recognized that it need not entertain the Appellees' equal protection claim because it was essentially a restatement of their Second Amendment claim, and had been asserted "to obtain review under a more stringent standard than [intermediate scrutiny]." As the court explained, "to accept [the Appellees' equal protection] theory would be to erase, in one broad stroke, the careful and sensible distinctions that the Fourth Circuit and other courts have drawn between core and non-core Second Amendment protections and to ignore the principle that differing levels of scrutiny are appropriate to each."

*Id.* 873 n.4 (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV16-06164 JAK (ASx) | Date | February 23, 2017 |
|---|---|---|---|
| Title | Michelle Flanagan, et al. v. Kamala Harris, et al. | | |

**IV.     Conclusion**

For the reasons stated in this Order, the California Motion is **GRANTED IN PART** and **DENIED IN PART**, and the LASD Motion is **GRANTED.**

**IT IS SO ORDERED.**

:

Initials of Preparer     ak